UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DYLAN R. RYDER,<br><br>      Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendants. | Case No. 3:24-cv-05091-TMC<br><br>ORDER TO SHOW CAUSE OR FILE AN AMENDED COMPLAINT |

This matter comes before the Court on plaintiff's motion to proceed *in forma pauperis* ("IFP") in regard to his proposed complaint. Dkt. 1. Plaintiff is unrepresented in this matter. Considering deficiencies in the complaint discussed below, however, the undersigned will not direct service of the complaint at this time. On or before March 12, 2024, plaintiff must either show cause why this cause of action should not be dismissed or file an amended complaint.

## DISCUSSION

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is

ORDER TO SHOW CAUSE OR FILE AN AMENDED
COMPLAINT - 1

"frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); see also *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

ORDER TO SHOW CAUSE OR FILE AN AMENDED
COMPLAINT - 2

**1. Rule 8**

Under Federal Rule of Civil Procedure (FRCP) 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff must allege a plausible set of facts that would show they are entitled to any relief. Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

Here plaintiff lists the Central Intelligence Agency ("CIA") and the United States of America ("U.S.") as defendants. Dkt. 1-1 at 2. Plaintiff lists nine claims under the "statement of claim" including (1) harassment, (2) abuse, (3) rape, (4) conspiracy, (5) mind control, (6) gang-stalking, (7) false imprisonment, (8) intimidation, and (9) torture. Dkt. 1-1 at 5, 7. Plaintiff states that these events took place "while under neural monitoring." *Id*.

It is unclear from plaintiff's complaint what the factual basis of his claim is. Plaintiff does not state when these events took place, does not name any individuals who personally participated in any acts or omissions, and does not explain how these actions caused any violation of plaintiff's federal constitutional or statutory rights. Plaintiff cites only RCW 7.105.010(2) as the legal basis for his claim but does not affirmatively link any of his claims to this statute; this statute relates to civil protection orders and it is unclear how it is related to any of his claims. *See* Dkt. 1-2 at 1.

ORDER TO SHOW CAUSE OR FILE AN AMENDED
COMPLAINT - 3

To comply with Rule 8(a), plaintiff must write out short, plain statements telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what that person did or failed to do; (4) how the action or inaction of that person is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of that person's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). This information must be provided for each defendant in each claim. If plaintiff fails to affirmatively link the conduct of each named defendant with the specific deprivation of a federal constitutional or statutory right suffered by plaintiff, the claim against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed.

## CONCLUSION

Due to the deficiencies described above, it appears that plaintiff's complaint is subject to dismissal. Plaintiff may show cause why the complaint should not be dismissed or may file a proposed amended complaint to cure, if possible, the deficiencies noted herein, on or before **March 12, 2024.**

If an amended complaint is filed, it must be legibly written or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

1  The Court will screen the amended complaint to determine whether it states a
2  claim. If the amended complaint is not timely filed or fails to adequately address the
3  issues raised herein, the undersigned will recommend dismissal of this action as
4  frivolous under 28 U.S.C. § 1915.
5  The Clerk is directed to send plaintiff the appropriate forms for filing a copy of this
6  Order and the *Pro Se* information sheet. **Additionally, the Clerk is directed to re-note**
7  **plaintiff's IFP application for March 12, 2024**.

10  Dated this 27th day of February, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR FILE AN AMENDED
COMPLAINT - 5