1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

DYLAN R. RYDER,

7
                            Plaintiff,
        v.

8

UNITED STATES OF AMERICA,

9

                            Defendants.

10

Case No. 3:24-cv-05091-TMC

REPORT AND
RECOMMENDATION

NOTED FOR: APRIL 5, 2024

11      This matter comes before the Court on plaintiff's proposed amended complaint.

12   Dkt. 3. Plaintiff is unrepresented by counsel in this matter. This matter has been referred

13   for review of the IFP application to the undersigned Magistrate Judge. *Mathews, Sec'y*

14   *of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR

15   4(a)(4). After careful consideration of the proposed amended complaint, the Court

16   recommends that plaintiff's *in forma pauperis* ("IFP") application be DENIED and this

17   case be dismissed for failure to state a claim.

18                                DISCUSSION

19      The district court may permit indigent litigants to proceed IFP upon completion of

20   a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad

21   discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598

22   (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

23

24

25

REPORT AND RECOMMENDATION - 1

1    Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset

2  if it appears from the face of the proposed complaint that the action is frivolous or

3  without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987)

4  (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis*

5  complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d

6  at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v.*

7  *Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

8    A *pro se* plaintiff's complaint is to be construed liberally, but like any other

9  complaint it must nevertheless contain factual assertions sufficient to support a facially

10  plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic*

11  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when

12  "the plaintiff pleads factual content that allows the court to draw the reasonable

13  inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

14  678.

15    Unless it is absolutely clear that no amendment can cure the defects of a

16  complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an

17  opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66

18  F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the

19  amendment would be futile or where the amended complaint would be subject to

20  dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

21  **A. Rule 8**

22    Under Federal Rule of Civil Procedure (FRCP) 8(a), a complaint must contain "a

23  short and plain statement of the claim showing that the [plaintiff] is entitled to relief."

24

25

1    Fed. R. Civ. P. 8(a). Plaintiff must allege facts that would plausibly show they are

2    entitled to any relief.  Mere conclusory statements in a complaint and "formulaic

3    recitation[s] of the elements of a cause of action" are not sufficient. *Ashcroft v. Iqbal,*

4    556 U.S. 662, 681 (2009); *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir.

5    2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence

6    of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police*

7    *Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

8         On February 2, 2024 plaintiff filed a motion for leave to proceed IFP (Dkt. 1) with

9    respect to his proposed civil rights complaint (Dkt. 1-1). On February 27, 2024, the

10   Court ordered plaintiff to show cause why the complaint should not be dismissed for

11   failure to state a claim, or file an amended complaint. Dkt. 2.

12        Plaintiff filed a proposed amended complaint on March 11, 2024. Dkt. 3.

13   Plaintiff's amended complaint fails to cure the deficiencies identified in the order to show

14   cause and his claims are frivolous. Plaintiff claims that after his home was raided by the

15   FBI on July 12, 2021, he began hearing voices and being followed everywhere. Dkt. 3 at

16   7. He attributes this to neural monitoring and electronic surveillance and states that he

17   is unable to use his own thoughts as a result. *Id.*

18        Plaintiff names only the FBI and the United States of America as defendants. *Id.*

19   at 2. Plaintiff does not state a legal basis for his claim and the factual basis for plaintiff's

20   claim is frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

21   **B.  Leave to Amend**

22        Unless it is absolutely clear that no amendment can cure the defect, a pro se

23   litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend

24

25

NOTED FOR: APRIL 5, 2024 - 3

1  prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.

2  1995). In this case, plaintiff has already filed an amended complaint and has failed to

3  articulate any cognizable legal claims against defendants. *See* Dkt. 3. Due to the lack of

4  legal or factual basis, any attempt by plaintiff to amend the proposed complaint would

5  be futile. As such, the Court should deny leave to amend the complaint.

6                                              CONCLUSION

7         For the reasons discussed above, the Court recommends that plaintiff's motion to

8  proceed IFP be denied and this matter be dismissed without prejudice. A proposed

9  Order and proposed Judgment accompany this Report and Recommendation.

10        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall

11  have fourteen (14) days from service of this report to file written objections. *See also*

12  Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

13  purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can

14  result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474

15  U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

16  omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is

17  directed to set the matter for consideration on April 5, 2024 as noted in the caption.

18
      Dated this 21st day of March, 2024.
19

20

21                                                    Theresa L. Fricke
                                                      Theresa L. Fricke
22                                                    United States Magistrate Judge

23

24

25